IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Safeco Insurance Company of Illinois, | : | Case No. 1:19-cv-976 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | **Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendants' Motion for Summary Judgment** |
| Benjamin Rolfes, *et al.*, | : | |
| Defendants. | : | |

This matter is before the Court on Plaintiff/Counterdefendant's Motion for Summary Judgment (Doc. 24) and Defendants/Counterclaimants' Motion for Summary Judgment (Doc. 23). Plaintiff seeks a declaratory judgment that an underlying lawsuit involving Defendants is not covered by the insurance policy. Defendants seek a judgment declaring that Plaintiff must defend and indemnify Defendants in the underlying lawsuit. For the following reasons, Plaintiff's Motion is **GRANTED** and Defendant's Motion is **DENIED**.

I.  **BACKGROUND**[1]

Benjamin Rolfes rented a Ford F-150 to transport equipment to a tradeshow in Chicago where he was to represent his employer, TSS Acquisition Company ("TSS"). TSS paid for the rental of the F-150. While driving to a co-worker's hotel to pick up additional materials for the trade show, he struck and injured a pedestrian, Kenneth Kirkendall. Kirkendall filed a lawsuit against Rolfes and TSS in the Circuit Court of Cook County, Illinois which is the underlying lawsuit in this case.

Rolfes is an "insured" under a personal insurance policy, Safeco Policy No. K3270358, issued to James and Terri Rolfes. TSS is an insured under the policy to the extent that it is

---

[1] The facts in this section are taken from the parties' Joint Stipulation of Facts (Doc. 21-1) unless otherwise noted.

responsible for the actions or omissions of Rolfes. The policy does not cover the use of a vehicle while the insured is employed or engaged in business. (Doc. 1-1 PageID 21.) However, that exclusion does not apply to a "private passenger auto" under the insurance policy. (*Id.*) The parties agree that the only dispute in this case is whether the F-150 was a "private passenger auto" or only a "pickup." (Doc. 24 PageID 302; Doc. 26 PageID 378.) Neither term is defined in the insurance policy. (Doc. 1-1). The parties further agree that there are no disputes of material fact. (Doc. 26 PageID 379; Doc. 27-1 PageID 412.)

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden to show that no genuine issues of material fact are in dispute. See *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–587 (1986); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011). The movant may support a motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–324 (1986). In responding to a summary judgment motion, the nonmoving party may not rest upon the pleadings but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

"Where the parties have filed cross-motions for summary judgment, the court must consider each motion separately on its merits, since each party, as a movant for summary judgment, bears the burden to establish both the nonexistence of genuine issues of material fact and that party's

entitlement to judgment as a matter of law." *In re Morgeson*, 371 B.R. 798, 800–01 (B.A.P. 6th Cir. 2007).

### III. ANALYSIS

The insurance policy provides general automobile liability coverage to Rolfes. However, Exclusion A.8 of the insurance policy excludes coverage for the operation of a vehicle while engaged in business except in certain circumstances.

Exclusion A.8 reads as follows:

> Any insured maintaining or using any vehicle while that insured is employed or otherwise engaged in any business (other than farming or ranching) not described in Exclusions A.6. or A.7. This exclusion
>     (A.8.) does not apply to the maintenance or use of a:
>     a. private passenger auto;
>     b. pickup, motorhome or van that:
>         (1) you own; or
>         (2) you do not own while used as a temporary substitute for your covered auto which is out of normal use because of its:
>             (a) breakdown;
>             (b) repair;
>             (c) servicing;
>             (d) loss; or
>             (e) destruction; or
>     c. trailer used with a vehicle described in A.8.a. or A.8.b. above

(Doc. 1-1 PageID 21–22.) The parties agree that the F-150 is not a trailer, and that it was not used as a substitute for a covered auto which is out of normal use. (Doc. 21-1 PageID 181.) The sole issue, then, is whether the F-150 is only a "pickup" or if it is also a "private passenger auto." If it is a "private passenger auto," it is covered by the policy, and if it is only a "pickup" it is not covered.

"The interpretation of an insurance contract involves a question of law to be decided by a judge." *Leber v. Smith*, 70 Ohio St. 3d 548, 639 N.E.2d 1159, 1163 (1994);[2] *see also GenCorp,*

---

[2] Both parties apply Ohio law in their briefs. The contract does not include a choice of law provision. Therefore, the Court will apply Ohio law.

3

*Inc. v. American Int'l Underwriters*, 178 F.3d 804, 817 (6th Cir. 1999) (citing *Leber* for the same principle.) "[W]ords and phrases used in an insurance policy must be given their natural and commonly accepted meaning." *United Nat'l Ins. Co. v. SST Fitness Co.*, 182 F.3d 447, 449–50 (6th Cir. 1999) (quoting *U.S. Fidelity & Guar. Co. v. Lightning Rod Mut. Ins. Co.*, 80 Ohio St. 3d 584, 687 N.E.2d 717, 719 (1997)). Policy terms must be read in the context of the whole policy. *Bondex Int'l, Inc. v. Hartford Acc. and Indem. Co.*, 667 F.3d 669, 677 (6th Cir. 2011) (citing *Foster Wheeler Enviresponse, Inc. v. Franklin Cnty. Convention Facilities Auth.*, 78 Ohio St. 3d 353, 678 N.E.2d 519, 526 (1997)). More specifically, courts examining whether a term or phrase within a policy is ambiguous must "examine the policy as a whole" and "consider the context in which the provision is used." *Sauer v. Crews*, 140 Ohio St. 3d 314, 18 N.E.3d 410, 413 (2014).

Because "pickup" is not a defined term in the insurance policy, the Court gives the term its natural and commonly accepted meaning. *SST Fitness Co.*, 182 F.3d at 449–50. A Ford F-150 is the sort of vehicle ordinarily referred to as a pickup. For example, Defendants refer to the F-150 as a "pickup style vehicle." (Doc. 26 PageID 382). *See also* Lindsay Brooke, *The F-150's Aluminum Diet*, N.Y. Times (Jan 10, 2014), https://www.nytimes.com/2014/01/12/automobiles/autoshow/the-f-150s-aluminum-diet.html (discussing the "redesigned F-150 Pickup Truck"); *Large Pickup Truck Rental*, Enterprise, https://www.enterprise.com/en/car-rental/vehicles/us/trucks/large-pickup.html (listing the Ford F-150 as an example of a large pickup truck available for rent). Since the F-150 falls within the natural and commonly accepted meaning of "pickup," it can be considered a "pickup" for the purposes of the policy. However, Defendants argue that it can still be a "private passenger auto" as well. For the reasons that follow, the Court disagrees.

4

Defendants rely on two Ohio state court cases to argue that the same vehicle can be both a "pickup" and a "private passenger automobile." In *National Mut. Ins. Co. v. Reiser*, 15 Ohio App. 3d 21, 472 N.E.2d 375 (10th Dist. Ct. App. 1984), the court held that, while a pickup truck clearly fell into the category of "utility truck," it could nevertheless also be a "private passenger automobile." *Resier*, 472 N.E.2d 378–379. In *Barber v. Fulper*, No. 2002 05 2556, 2003 WL 25689751 (Ct. Com. Pl. June 30, 2003), the court followed the reasoning of the *Reiser* court to hold that whether a pickup truck is a passenger auto depends on the use made of it. However, in *Potter v. Amerisure Ins. Co.*, No. 65285, 1994 WL 173535 at *2 (8th Dist. Ct. App. May 5, 1994), *rev'd on other grounds*, 70 Ohio St. 3d 641 (1994), the court held that, since "pickup" and "private passenger auto" were distinguished throughout the policy, they should be read as mutually exclusive terms.

A federal court exercising jurisdiction in diversity cases applies the relevant state law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). An intermediate state court opinion is a "datum for ascertaining state law which is not to be disregarded by a federal court." *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940). In this case, the Court is faced with two contradicting opinions from two different intermediate appellate courts. Because the Ohio Supreme Court has not addressed the issue directly, the Court must attempt to determine how the Ohio Supreme Court would rule if presented with the question. *Ventura v. Cincinnati Enquirer*, 396 F.3d 784, 792 (6th Cir. 2005).

Under Ohio law, "in the construction of a contract courts should give effect, if possible, to every provision therein contained, and if one construction of a doubtful condition written in a contract would make that condition meaningless, and it is possible to give it another construction that would give it meaning and purpose, then the latter construction must obtain." *Ohio v.*

5

*Bethel*, 110 Ohio St. 3d 416, 854 N.E.2d 150, 166 (2006) (quoting *Farmers' Natl. Bank v. Delaware Ins. Co.*, 83 Ohio St. 309, 94 N.E. 834, syllabus ¶ 6 (1911)). Throughout the policy, the categories of "private passenger auto" and "pickup" are contrasted. (Doc. 1-1 PageID 19, 21, 25, and 30). This suggests that "pickups" exist as a category separate and distinct from "private passenger autos." Applying the general principles of Ohio contract law, the Court agrees with the court in *Barber* that the term "pickup" and the term "private passenger auto" as used in this policy are mutually exclusive. Therefore, since the Ford F-150 is a "pickup," it cannot also be a "private passenger auto" as set forth in Exclusion A.8.

Even if the Court adopted the reasoning of *Reiser*, however, Plaintiff would still be entitled to summary judgment. The *Reiser* and *Barber* courts both held that whether a pickup truck is a "private passenger automobile" depended upon the actual use the insured made of it. *Reiser*, 472 N.E.2d at 379, *Barber*, 2003 WL 25689751. Rolfes rented the F-150 because he needed a bigger vehicle to carry "five or six big cases" full of materials for the trade show. (Doc 22-1, PageID 221.) He owned a personal vehicle at the time, but it would not have been able to transport the cases he needed for the trade show. (*Id.*) At the time of the accident, he was driving to pick up additional materials for the trade show. (Doc 21-1 PageID 180.) The F-150, therefore, was not rented for passenger use, but rather to transport cargo. As a result, even if a pickup truck could qualify as a "private passenger automobile" in some circumstances, in this instance the F-150 qualifies as a "pickup." Because the F-150 at issue in this case is not a "private passenger auto" for the purposes of Exclusion A.8, the insurance policy does not provide coverage.

The parties have advanced several arguments concerning how the Court ought to handle the interpretation of the policy if the Court finds that the term "private passenger auto" is

ambiguous. Because the Court does not find the term "private passenger auto" to be ambiguous, the Court need not address these arguments.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff Safeco's Motion for Summary Judgment is **GRANTED**. Defendants TSS and Rolfes' Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

_____
Judge Susan J. Dlott
United States District Court